UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-cv-23768-JLK

PRAKASH NAYAK,

    Plaintiff,

v.

STAR CLIPPERS, LTD. CORP., *et al.*,

    Defendants.
_____/

## FINAL ORDER OF DISMISSAL

THIS CAUSE comes before the Court upon the March 11, 2014 Report and Recommendation of Magistrate Judge Chris M. McAliley (D.E. 83), recommending that Defendants' Motion to Dismiss Plaintiff's Complaint (D.E. 24), filed December 13, 2012, be denied as moot and further recommending that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (D.E. 66), filed September 30, 2013, be granted. The Court is fully briefed on the matter.[1] This Court concludes that the Report and Recommendation ("the Report") contains a thorough and well-reasoned recommendation for dismissal.

In recommending that the action against Defendant Luxembourg Shipping Services ("LSS") be dismissed, Magistrate Judge McAliley found that the forum

---

[1] Defendant filed a Memorandum of Law regarding the Report (D.E. 84) on March 21, 2104 and Plaintiff filed an Objection to the Report (D.E. 85) on March 21, 2014 to which Defendants filed a Response (D.E. 86) on April 4, 2014.

selection clause in its employment contract with Plaintiff is valid. In doing so, she thoroughly analyzed the Jones Act on forum selection clauses and relevant case law. The recent Supreme Court case *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for Western Dist. Of Tex.*, 134 S.Ct. 568 (2013) presents the controlling method of analysis in this case. This Court agrees with the Report's analysis that the relevant factors, such as Luxembourg's comparatively stronger interest in the dispute and the lack of any connection with the United States, weigh in favor of dismissing the case against LSS pursuant to *forum non conveniens*.

Magistrate Judge McAliley further recommends that the cases against Defendant Star Clippers, Ltd. Corp. ("Ltd.") and Defendant Star Clippers GSA, Inc. ("GSA") be dismissed because of *forum non conveniens*. No forum selection clause applies to the disputes between Plaintiff and Ltd. and GSA. Thus, the analysis is slightly different than that regarding LSS. After a detailed analysis of the facts of this case and relevant law, Magistrate Judge McAliley concluded, and this Court agrees, that United States law does not apply to this action.[2] The facts show that Plaintiff has no connection to this forum. The Court accepts Defendants' expert's averment that Luxembourg's Labour Courts will provide an adequate alternative forum. As addressed in depth in the Report, the private interest factors each support dismissal and, on balance, the public interest factors weigh in favor of dismissal.

---

[2] The Court notes a modification to the Report. A concluding sentence on page 14 reads, "I find that U.S. law applies." The section containing the sentence clearly holds that U.S. law does not apply to this case and, so, the Court finds that this is simply a typographical error.

2

The Court clarifies the relationship between GSA and Ltd. described on page 13 of the Report, finding that Ltd. is the parent company and GSA is one of its subsidiaries. *See* D.E. 47-2 at 7:17-25. This clarification does not affect the Report's sound analysis and recommendation.

Defendants wish for the case against GSA to be dismissed on grounds other than those which Magistrate Judge McAliley analyzed and with which this Court agrees. However, as Magistrate Judge McAliley noted in her Report, the Court dismisses this case based on *forum non conveniens* and, thus, need not address other arguments raised by the parties in their papers.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1. Magistrate Judge Chris M. McAliley March 11, 2014 Report and Recommendation (**D.E. #83**) be, and the same is hereby, **AFFIRMED and ADOPTED** consistent with the findings in this Order;

2. Defendants' Motion to Dismiss Plaintiff's Complaint (**D.E. #24**), be, and the same is hereby, **DENIED AS MOOT**; and

3. Defendants' Motion to Dismiss Plaintiff's Amended Complaint (**D.E. 66**), be, and the same is hereby, **GRANTED**;

4. Plaintiff's Amended Complaint (**D.E. 63**) be, and the same is, hereby **DISMISSED**; and

5. The Clerk of Court **SHALL CLOSE** this case.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 10th day of April, 2014.

                                         JAMES LAWRENCE KING
                                         UNITED STATES DISTRICT JUDGE
                                         SOUTHERN DISTRICT OF FLORIDA

cc:    The Honorable Chris M. McAliley
        All Counsel of Record